Case 4:24-cv-03352   Document 14   Filed on 12/19/24 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
December 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NEWFIRST NATIONAL BANK, § | |
| § | |
| Plaintiff, § | |
| v.  § | CIVIL ACTION NO. 24-3352 |
| § | |
| JPMORGAN CHASE BANK, N.A., *et al.*, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

This is a dispute over fraudulent checks. NewFirst National Bank alleges that Chase Bank, N.A., accepted and deposited fraudulent checks that had been stolen from NewFirst's customers. NewFirst alleges that certain Chase customers stole checks from NewFirst's customers, altered the checks, and presented them to Chase for depositing or cashing. (Docket Entry No. 4 at 2). NewFirst sues Chase for breach of UCC warranties, money had and received, unjust enrichment, fraud, and aiding and abetting by assisting and participating in the depositing of fraudulent checks. NewFirst also alleges that Chase is jointly liable for the fraud of the individuals and entities presenting the checks.

NewFirst moves to remand. (Docket Entry No. 4). NewFirst argues that the only claims it has asserted are state-law claims, and that no federal question jurisdiction exists. NewFirst also contends that Chase Bank failed to obtain the consent to removal of at least one other defendant, Jathaniel Lewis, making Chase Bank's removal procedurally defective. (*Id*. at 7).

Chase opposes remand on the basis that NewFirst's complaint raises and relies on two issues of federal law: (1) the rebuttable presumption of alteration under Regulation CC; and (2)

aiding and abetting the violation of federal laws establishing recordkeeping and recording requirements for national banks. NewFirst also asserts that the failure to obtain Lewis's consent to removal did make the removal improper or defective.

Based on the pleadings, the motions, and the applicable law, the court grants the motion for remand. The reasons for these rulings are explained below.

## I. Background

NewFirst alleges that Chase "allowed its customers to cash or deposit checks that should not have been negotiated by them." (Docket Entry No. 1-2 at 7). NewFirst alleges that certain Chase customers stole checks issued by some of NewFirst's customers, altered the checks to insert their own names as recipients, and negotiated those checks at Chase. NewFirst identifies its customers who issued the checks as United Agricultural Cooperative, Inc., Fairmont Homes, LLC, Stone Creek Ranch Community Association, Inc., and Alliance Laboratories, Inc. (*Id*.). NewFirst alleges that the Chase customers who fraudulently deposited the checks are Black Forest Society LLC, Cesar Lopez, Jathaniel Lewis, Haris Zeb, and Karana Smith ("the individual defendants"). (*Id*. at 2). The checks that NewFirst alleges were stolen, altered, and presented to Chase to deposit total $153,879.31. (*Id*. at 5). NewFirst asserts that Chase has provided it with no information as to what happened to the checks, including whether Chase placed a hold on any of the checks. (*Id*. at 9).

## II. The Legal Standard

Federal court jurisdiction is limited by the Constitution and federal statutes. See *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (*citing Willy v. Coastal Corp*., 503 U.S. 131, 136–137, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992)). These limits, based on respect both for other branches of government and for the state courts, must

be respected. Without subject-matter jurisdiction, a federal court simply has no authority to decide the case. As the part invoking federal jurisdiction, the removing party has the burden of proving that federal jurisdiction is present to defeat a motion to remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). Because removal jurisdiction raises significant federalism concerns, *Beiser v. Weyler*, 284 F.3d 665, 672 (5th Cir. 2002), any "ambiguities are to be construed against removal." *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir.2002)

Whether a cause of action presents a federal question depends on the complaint allegations. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Federal-question jurisdiction exists "only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). "To satisfy the rule, the plaintiff's well-pleaded complaint must exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed." *Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dep't of Envtl. Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009) (citing *Louisville & Nashville R.R. Co*., 211 U.S. at 152, 29 S.Ct. 42 and *W. 14th St. Comm'l Corp. v. 5 W. 14th Owners Corp*., 815 F.2d 188, 193 (2d Cir. 1987)). If the complaint raises no issue of federal law, either explicit or embedded in a state-law cause of action, federal-question jurisdiction is lacking. *Hart v. Bayer Corp*., 199 F.3d 239, 243 (5th Cir. 2000) (citing *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

**III.    Analysis**

    **A.  The Claims of Breach of UCC Warranties**

NewFirst alleges that Chase, "as an endorser, presentor, and/or transferor of the Checks," warrated in good faith to NewFirst that Chase's customers were authorized to "enforce" the checks and that they had been properly endorsed. (Docket Entry No. 1-2 at 11).  NewFirst also argues that Chase's customers, the individual defendants, made the same warranties.  NewFirst alleges that because the checks were not actually made out to the individual defendants, Chase breached warranties under UCC Section 4-207 by accepting the checks.

Section 4-207 of the Texas UCC, states, in relevant part, as follows:

> (a) A customer or collecting bank that transfers an item and receives a settlement or other consideration warrants to the transferee and to any subsequent collecting bank that:
>     (1) the warrantor is a person entitled to enforce the item;
>     (2) all signatures on the item are authentic and authorized; and
>     (3) the item has not been altered . . . .

Transfer Warranties., UCC § 4-207.

Chase asserts that NewFirst's UCC claim raises a substantial and disputed question of federal law that creates federal subject-matter jurisdiction.  Chase bases this assertion off a single paragraph in NewFirst's complaint, which states: "Plaintiff requested Chase to turn over the original Checks to Plaintiff, but Chase has not provided the original Checks to allow an examination to occur, so the Checks are presumed to be altered."  (Docket Entry No. 1-2 at 10).  The footnote to this paragraph reads, "Under Regulation CC, for all disputes between banks arising under federal and state laws pertaining to substitute check and electronic checks transferred between those banks, there is a presumption that the subject check contains an alteration.  12 C.F.R. § 229.38(i)(1)."  (*Id*. at 10, n. 8).

4

Regulation CC, 12 C.F.R. § 229, is a banking regulation issued by the Board of Governors of the Federal Reserve System to implement the Expedited Funds Availability Act and the Check Clearing for the 21st Century Act by setting standards governing the check-clearing process. NewFirst sues under the UCC, not Regulation CC. "The UCC is not a federal statute and [does not] supply federal question jurisdiction to an otherwise state law breach of contract claim. Thus, a civil action based on the UCC does not arise under the laws of the United States and therefore does not provide a court with federal-question jurisdiction." *Warren v. Littlewood*, 2024 U.S. Dist. LEXIS 198057, at *4 (W.D. Tex. Oct. 31, 2024) (internal citation omitted).

To determine whether NewFirst's UCC breach-of-warranties claim raises a federal question, the court must determine whether it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products v. Darue Engineering*, 545 U.S. 308, 314 (2005). Under Fifth Circuit precedent, Chase must show that "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008).

Chase asserts that "[t]he application of the [presumption] is also strongly disputed, which weighs in favor of the exercise of federal question jurisdiction." (*Id*.). As evidence of the dispute as to whether the presumption applies, Chase cites to the fact that in another case brought against Chase by the same plaintiff's counsel, the parties have filed "extensive briefing" about whether Regulation CC shifts the burden to Chase of being the first to designate experts on the issue of altered or counterfeit checks. (*Id*. at 20). Chase disputes that the Regulation CC presumption

requires it to designate experts first. (*Id.*).  Chase argues that the interpretation of this regulation "will likely set precedent for many other fraudulent check cases, including cases specifically involving Chase in this district." (*Id.*).

The court disagrees that this dispute satisfies the requirement that the federal issue is "actually disputed."  "A question is actually disputed where the parties disagree regarding the law's effect on the outcome of the case." *Gomez v. O'Reilly Auto. Stores, Inc.*, 283 F. Supp. 3d 569, 575 (W.D. Tex. 2017) (citing *Grable,* 545 U.S. at 315).  As NewFirst states in its reply, the parties do not appear to dispute the applicability of the Regulation CC presumption to the UCC breach-of-warranties claim raised in NewFirst's complaint.  (*See* Docket Entry No. 9 at 14).  Nor is the court aware of any dispute in the present case about who must designate its experts first.  And the existence of a dispute in another case does not create federal subject-matter jurisdiction in this case.  *See, e.g., Chase v. Auerbach*, 1994 WL 590588, at 2 (E.D. Pa. October 26, 1994) ("It is also established that a District Court is not, however, endowed with jurisdiction to hear a case on removal merely because a related case is pending in the federal court.") (alterations adopted) (quoting reference omitted).  Chase concedes that it can point to no case law interpreting the presumption, much less any case law showing a material dispute over its application.  (Docket Entry No. 8 at 18).

To the extent any such dispute exists, the court finds its answer in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986).  In that case, the Court considered whether a state-law claim that depended in part on an allegation that the defendant, a drug company, had violated a federal law on misbranding, raised a federal question.  The plaintiff asserted that the violation of the federal law created a "rebuttable presumption of negligence." *Id.* at 806.  The Court held that the fact that a federal law created a rebuttable presumption that, if not

6

rebutted, satisfied an essential element of the plaintiff's state law negligence claim, was insufficient, absent more, to create a federal question. *Id.* at 814. In this case, NewFirst relies on the Regulation CC presumption of alteration only to shift the burden to Chase to show that the checks were not altered, and Chase may shift that burden back to NewFirst by producing the checks. Under *Merrell Dow*, this kind of rebuttable presumption under federal law is insufficient to find that the state-law UCC breach-of-warranties claim necessarily raises a substantial issue of federal law.

"[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Chase has not met its burden to show that there is a disputed and substantial question of federal law at issue that would transform NewFirst's state-law UCC breach of warranties claim into a federal question conferring subject-matter jurisdiction on this court.

### B. The Aiding and Abetting Claim

NewFirst alleges that Chase is liable for "aiding and abetting by assisting and participating" in the "negotiation of the Checks and in the disbursement of the funds to an unauthorized party." (Docket Entry No. 1-2 at 18-19). NewFirst alleges that "Chase assisted and/or participated in its customers' tortious behavior disregarding many AML/BSA regulations." (*Id*. at 19). As support, NewFirst points to the "Know Your Customer Rule" which it states applies to federally chartered banks and requires them to maintain "a program to ensure compliance with federal Anti-Money-Laundering (AML) laws." (*Id*. 19-20). NewFirst alleges that "[b]y virtue of the actions and inactions of Chase in violation of federal law, it has aided and abetted its customers in the commission of fraud against Plaintiff and its customers." (*Id*. at 20).

NewFirst contends that its allegations that Chase failed to comply with various federal banking regulations are not enough to establish federal-question jurisdiction. NewFirst argues that "a state law claim that is predicated on breach of a federal statute is insufficient to raise federal question jurisdiction." (*Id*. at 12). NewFirst also argues that "when a state law claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." (*Id*.).

Chase responds that NewFirst's aiding-and-abetting claim, as stated, invokes a substantial or disputed question of federal law, because resolving the claim will require interpreting federal laws that regulate banks. (Docket Entry No. 8 at 11-12). Chase responds to NewFirst's "alternative and independent theories" argument by arguing that the aiding-and-abetting claim "rests entirely on Chase's alleged duties and obligations imposed by federal banking regulations." (*Id*. at 12). Chase contends that the alternative and independent theories argument applies only when a plaintiff can prove its state law claim through *either* state or federal law, while in this case NewFirst must rely on federal law to prove its state law claim. (*Id*.).

The parties do not dispute that NewFirst's aiding and abetting claim is a state-law claim. The court agrees with Chase that the fact that the federal banking regulations that NewFirst relies on do not create a private right of action is not dispositive under *Grable*. (*See* Docket Entry No. 11 at 8). The question is whether, considering the factors set out by the Fifth Circuit, the aiding and abetting claim raises a substantial and disputed issue of federal law. Because NewFirst's aiding and abetting claim relies on allegations that Chase violated federal law, which Chase disputes, the first and second factors are satisfied.

As to the third factor, in deciding whether, under *Grable*, a federal issue is "substantial," the court must look assess "the importance of the issue to the federal system as a whole," not merely whether the federal issue is important "to the plaintiff's case and the parties before it." *Gunn v. Minton*, 568 U.S. 251, 260 (2013). But Chase does not assert any reason why the ruling of a Texas state court, in ruling on whether Chase aided and abetted its customers in committing fraud, in violation of federal banking regulations, would bear heavily on "the federal system" as a whole. It would not.

The fourth element also weighs in favor of remand. The Texas Supreme Court has yet to explicitly recognize a cause of action for aiding and abetting fraud. *See Christopher v. DePuy Orthopaedics, Inc. (In re DePuy Orthopaedics, Inc.)*, 888 F.3d 753, 761 (5th Cir. 2018); *see also Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N.A.*, 800 Fed. Appx. 239, 249-50 (5th Cir. 2020). "[W]hen the state law issues are complicated, or state law is unclear or in the process of evolving, comity considerations may weigh toward remand of the state law claims." *State ex rel. Pierotti v. 777 N. White Station Road*, 937 F. Supp. 1296, 1306 (W.D. Tenn. 1996). When as in this case, reference is made to federal law "only as a method of demonstrating Defendants breached their duty to Plaintiffs" the court finds that "there can be no federal question jurisdiction arising under these circumstances." *Coffman v. Dutch Farms, Inc.*, 2017 WL 1217238, at *3 (N.D. Ind. Feb. 24, 2017)

### C. Consent to Removal

This court lacks subject-matter jurisdiction over this case because no federal question exists. The court need not reach the question of whether Jathaniel Lewis is a "nominal" defendant whose consent to removal was not needed. The absence of a federal question is sufficient to justify remand to state court.

9

## IV. Conclusion

The motion to remand is granted. (Docket Entry No. 4). The motion for a more definite statement is denied as moot. (Docket Entry No. 3). The case is remanded to the 133rd District Court of Harris County, Texas.

SIGNED on December 19, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge